IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE PAMPERED CHEF, | ) |
| Plaintiff, | ) |
| vs. | ) No. 10 C 1399 |
| SANDY ALEXANIAN, DON FUNT, CHRISTINE LAURICH, LORI MITCHELL, VALERIE NEWTON, and SHANNON PELL, | ) Magistrate Judge Jeffrey Cole |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

There is presently pending the plaintiff's Motion for Preliminary Injunction. On May 23, 2011, the plaintiff filed its Reply brief in support of the Motion. That filing prompted the defendants' Motion for Leave to File a Sur-Reply, which contends that the Reply relies on cases not previously cited by either side, advances new arguments that could and should have been raised in the initial supporting Memorandum, and relies on evidence that, the Motion argues, was excluded at the hearing on the preliminary injunction. The proposed Sur-Reply addresses five issues.[1] The plaintiff has objected to the motion.

---

[1] They are: plaintiff's citation of new authority in support of the claimed, previously unadvanced argument that the Illinois Supreme Court has recognized that the maintenance of a stable workforce as a legitimate business interest; the non-solicitation provision in the original contract between the plaintiff and the defendants protects the plaintiff's annual expenditures to train its 60,000 sales persons; the citation of supposedly new authority in support of the argument that the non-solicitation provisions are subjected to lower scrutiny than other restrictive covenants; the reference to litigation pending in the Eastern District of Missouri; and the plaintiff's citation to deposition testimony concerning defendants' "reputation" in the direct sales industry.

"A reply brief is for replying, not for raising a new ground," *Hussein v. Oshkosh Motor Truck Company*, 816 F.2d 348, 360 (7th Cir. 1987)(Posner, J., concurring), or for advancing a position that could have been advanced in the opening brief. Delaying the presentation of an argument until the reply brief in order to get the last word is not only unfair to one's opponent – it is a form of "sandbagging,"*Otto v. Variable Annuity Life Insurance. Co.*, 134 F.3d 841, 854 (7th Cir. 1998) -- it can effectively result in a one-sided presentation on that argument, which in turn can adversely affect the accuracy of the judicial process, which depends on comprehensive presentations by both sides. *Cf., United States v. Cronic*, 466 U.S. 648, 655 (1984); *Adamson v. California*, 332 U.S. 46, 59 (1947) (Frankfurter, J., concurring); *Burdett v. Miller*, 957 F.2d 1375, 1380 (7th Cir. 1992). And, withholding arguments until a reply brief results in an inefficient use of judicial resources, see Otto,, 134 F.3d at 854 and "divert[s] time from litigants in other cases patiently waiting in the queue for the limited time of federal judges." *Channell v. Citicorp Nat. Services, Inc.*, 89 F.3d 379, 386 (7th Cir. 1996).

Thus, arguments raised for the first time in a reply brief are often deemed waived. *See Dexia Credit Local v. Rogan,* 629 F.3d 612, 625 (7th Cir. 2010); *United States v. Boyle,* 484 F.3d 943, 946 (7th Cir. 2007); *United States v. Alhalabi*, 443 F.3d 605, 611 (7th Cir. 2006); *Bodenstab v. County of Cook*, 569 F.3d 657, 658 (7th Cir. 2009). Nonetheless, courts have discretion to allow the filing of a sur-reply rather than refusing to consider the belatedly advanced argument. *Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 439 (7th Cir. 1999), *cert. denied* 528 U.S. 1188 (2000); *Beard v. Seagate Technology*, 145 F.3d 1159 (10th Cir. 1998); *Commonwealth Edison v. NRC*, 830 F.2d 610, 621 (7th Cir. 1987); *Fenster v. Tepfer & Spitz, Ltd.*, 301 F.3d 851, 859 (7th Cir. 2002). Allowing the filing of a sur-reply ensures the aggrieved party's right to be heard and the

court's vital interest in having a full presentation from both sides.

The defendants have not moved to strike the arguments and authority they claim were not advanced until the reply brief. It is thus not necessary to reach the question of whether this is an appropriate case for invocation of the waiver doctrine. Instead, they have asked to file a sur-reply. The most efficient use of judicial resources in this case is to grant the motion, allow the five-page brief to be filed, and to consider the points made in it, along with those argued by Pampered Chef.

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

DATE: 5/31/11